6

JUN 2 1995

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARY DAVIDSON, NANCY ELLIS, JODIE GIBBANY, STEVEN GLOSSNER, SHANNON L. HENDERSON, JOSIE HOKANSON, LERONDA LUSK, LOIS MICHALSKY, BECKY PARMLEY, SHERRY THOMPSON, and PAMELA WOODLEY,

Plaintiffs,

VS.

GUARDIAN PLANS, INC.; SERVICE CORPORATION INTERNATIONAL; PREMARCO, INC.; KENNETH GRIFFIN; DAVID WILLIS; and GARRISON WYNN,

Defendants.

CIVIL ACTION NO. H-95-1353

JURY REQUESTED

**WAIVER OF SERVICE OF SUMMONS**

TO: CARNEGIE H. MIMS, JR., of Jefferson & Mims, counsel for Plaintiffs, at 707 Central Square Building, 2100 Travis Street, Houston, Texas 77002.

Defendant Kenneth Griffin acknowledges receipt of the request for waiver of service of the summons in the above-styled and numbered cause.

Also, Defendant Kennth Griffin acknowledges receipt of a copy of the Complaint filed in the above-styled and numbered action, a copy of this Waiver, and a self-addressed, pre-stamped envelope.

Defendant Kenneth Griffin agrees to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that this Defendant be served with judicial

ClibPDF - www.fastio.com

process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

This Defendant retains all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons.

This Defendant understands that this waiver must be completed and returned to Plaintiffs' counsel within 30 days of the date the Notice of Lawsuit and Request for Waiver of Summons was sent; otherwise, Plaintiffs' counsel will effect service on this Defendant in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

Also, this Defendant understands that a default judgment may be entered against this Defendant if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served on Plaintiffs' counsel within 60 days after the date the Notice of Lawsuit and Request for Waiver of Service of Summons was sent.

**SIGNED** on this the 30th day of MAY, 1995.

[signature]
Signature

ATTORNEY
Title or Position

Counsel of Record
Nature of Authority to Receive Service of Process



SCI/WAIVER:107

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant, after being notified of an action and plaintiff's counsel's request to waive service of a summons, who refuses to do so, will be required to bear the cost of such service, unless good cause is shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service because a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over the person or property. A party who waives service of the summons retains all defenses and objections, except any relating to the summons or to the service of the summons, and may later object to the jurisdiction of the court, or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must, also, file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



SCI/WAIVER:107

ClibPDF - www.fastio.com